IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 7173 |
| ) | Paul E. Plunkett, Senior Judge |
| MURRAY'S DISCOUNT AUTO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On March 3, 2005, the Court dismissed Thomas Simpson's ("Plaintiff") claims against the Murray's Discount Auto ("Defendant"). The Court has now entered a final judgment in this case and Defendant seeks to recoup from Simpson, under Federal Rule of Civil Procedure ("Rule") 54(d), the costs it incurred to defend against his claims. For the following reasons, Defendant may recover statutory costs in the total amount of $760.55.

## Discussion

Simpson's sole objection to Defendant's bill of costs is that he is under considerable financial hardship and is unable to bear the financial burden of the costs. Simpson filed his lawsuit *pro se* in October 2003, at which time he was able to pay the filing fee. By January of the following year, the Court appointed an attorney to represent Simpson in the matter.

Federal Rule of Civil Procedure 54 provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Rule 54, our court of appeals has observed, creates a presumption in favor of the award of costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir.1991). Despite this presumption, the decision to award costs remains in the court's discretion. *Id.* One factor we may consider in deciding whether to award costs is the losing party's indigency. *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir.1983) ("We feel that it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)."). In order to avoid paying costs based on an inability to pay, the losing party carries the burden of showing that he or she is indigent. *Santiago v. Orland Park Motor Cars, Inc.*, No. 01-C8293, 2004 WL 434208, at *1 (N.D. Ill., Feb 18, 2004). This can be done by submitting admissible evidence that he or she is unable to pay the costs and will be unable to do so in the future. *Id.*

Simpson has provided no information regarding his financial status beyond the unsupported assertions in his brief that he is unable to bear the financial burden of Defendant's costs. The fact that he was appointed counsel is not sufficient evidence that he is now indigent. Therefore, Simpson is not excused from his obligations to pay Defendant's reasonable costs.

The costs recoverable under Rule 54(d) are circumscribed by statute and include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

We can award costs under Rule 54(d) if there is statutory authority for them and they are reasonable and were necessary to the litigation. The costs Defendant seeks to recover for depositions and photocopies of court documents are authorized by the statute and were necessary to the litigation. The only question then is whether they are reasonable.

Defendant seeks $244.00 for copies of papers necessarily obtained for use in the case, including $183.60 for pleadings and $60.40 for documents produced in response to Plaintiff's discovery requests. The itemized list Defendant has provided is detailed enough to conclude that these costs are reasonable, with one exception. Defendant seeks to recoup costs in triplicate for copies of all of its pleadings, including those not filed with the Court. Defendant may recover costs for two copies of briefings filed with the court and one copy for opposing counsel. *See Rogers v. City of Chicago*, No. 02-C2227, 2002 WL 423723, at *5 (N.D. Ill. March 15, 2002). In the case of interrogatories, disclosures under 26(a)(1) and requests for documents, however, Defendant did not file these documents with the Court and is, therefore, only entitled to recover for the cost of copies served upon Plaintiff. We will, therefore, award only one-third of the requested amount of $47.40 for these documents, reducing the award to $15.80. Defendant is awarded $212.40 for copies of papers obtained for use in the case.

Defendant seeks $1,526.65 for deposition costs. Local Rule 54.1(b) mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time of the transcript or deposition was filed

unless some other rate was previously provided for by order of court." The current rate, in effect when the depositions in this case were taken, is $3.30 per page for an original transcript and $0.83 per page for a transcript copy. The court has the discretion to deny a request for costs where the prevailing party fails to provide information necessary to determining whether the request is reasonable. *See Shah v. Vill. of Hoffman Estates,* No. 00-C4404, 2003 WL 21961362, at *1 (N.D. ILL. 2003) ("Where a party seeking costs fails to specifically identify the number of pages in a requested transcript, no costs will be awarded.").

Defendant has not provided sufficient information in its bill of costs to determine whether its request for costs incident to the taking of depositions is reasonable. We are given the date the depositions of Thomas Simpson, Denise Gray, Clifton Hansen, and Jeff Foutz, and an amount Defendant would like to recover for each. Without more information, such as page length or detailed information about the nature of these costs, we can deny them outright. However, in light of the fact that Plaintiff has not made any objections on these grounds, we examine the record to determine whether Defendant's request may be reasonable. Excerpts attached to Defendant's memorandum in support of it's motion for summary judgment indicate the length of the depositions of Gray, Hansen and Foutz. We will therefore award Defendant costs that equal $3.30 times the number of pages in those depositions, or the amount requested, whichever is lower. Defendant is awarded $148.50 for the Gray deposition (45 pages x $3.30); $270.60 for the Hansen deposition (82 pages x $3.30); and $129.15 for the Foutz deposition, which is the amount requested rather than the $135.30 (41 pages x $3.30) maximum allowed using the regular copy rate. Because we cannot determine the page length for the Simpson deposition, for which Defendant has requested $921.25, we will not award this cost. Defendant is awarded $548.15 in deposition costs.

## Conclusion

Based upon the foregoing, the Court grant's Defendant's bill of costs in the amount of $760.55.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: JUN 2 0 2005